IN THE UNITED STATES DISTRICT COURT FOR THE *District of Connecticut*

Keith Russell Judd For President of USA, Petitioner,

    v.

United States fo America, Respondent.

No. *3:00-CV-1681* (AWT)

MOTION FOR RELIEF FROM JUDGMENT IN 28 U.S.C. § 2255 PROCEEDING BY INDEPENDENT ACTION UNDER Fed.R.Civ.P., Rule 60(b); JURISDICTION UNDER Fed.R.Civ.P., Rule 4(k)(2)

    Petitioner, Judd, Pro Se, hereby moves this Court for Relief From Judgment in the 28 U.S.C. § 2255 Proceeding, Judd v. United States, No. MO-01-CA-121, in the United States District Court For The Western District of Texas, pursuant to Fed.R.Civ.P., Rule 60(b), Independent Action Clause. Fed.R.Civ,P., Rule 60(b) provides that relief from judgment may be by independent action. See, Goland v. CIA, 607 F.2d 339, 373 (D.C. Cir. 1978)("In any case, rule 60(b) contains a savings clause which states that the rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding."); United States v. Timmons, 672 F.2d 1373, 1378 (11th Cir. 1982)("A court may entertain an independent action in equity for relief from judgment on the basis of its independent and substantive equitable jurisdiction.").

### JURISDICTION OF THIS COURT

    This Court has jurisdiction under Fed.R.Civ.P., Rule 4(k)(2), because the U.S. District Court for the Western District of Texas, and U.S. Attorney are defendants in a fees-paid lawsuit No. MO-98-CA-167 in the same court, and the defendants are not willing to have any of petitioner's filings in the defendant's court. There is also an independent action under Rule 60(b) for relief from that court's judgment against itself, without jurisdiction because of two fees-paid pretrial appeals. See, Judd v. United States District Court For The Western District of Texas, et al., No. 05-CV-0780, in the U.S. District Court for the District of Columbia. In such a case, Fed.R.Civ.P., Rule 4 (k)(2) provides for jurisdiction in any other district. See, Adams v. Unione Mediterrania Di Sicurta, 364 F.3d 646, 651 (5th Cir. 2004)("If the defendant contends he cannot be sued in the forum state and refuses to identify any other where suit is possible, the federal court is entitled to use Rule 4(k)(2)."); Rules Enabling Act, 28 U.S.C. § 2072(b). See, Judd v. Furgeson,et al., 145 L.Ed.2d 7, 120 S.Ct. 1 (1999)(a pretrial appeal ??? ).

    There is no time limit for filing a Fed.R.Civ.P., Rule 60(b) Independent Action for relief from judgment. See, Goland v. CIA, 607 F.2d 339, 373 (D.C. Cir. 1978).

### CLAIM FOR RELIEF FROM JUDGMENT

    The Western District of Texas federal district court lacked jurisdiction for any motion under 28 U.S.C. § 2255 because there is no final judgment of conviction in United States v. Judd, No. MO-98-CR-093. Attached hereto is a copy of the April 10, 2001, Mandate

1

from the Fifth Circuit in <u>United States v. Judd</u>, No. 98-51081, a Pretrial Appeal filed in August 1998. Along with the 41 other Docketed Pretrial Appeals Pending, this criminal case has remained in the Fifth Circuit during the June 23, 1999, trial without any jurisdiction. I cannot be convicted and sentenced in the Court of Appeals, so there is no final judgment of conviction. See, <u>United States v. Vicaria</u>, 963 F.2d 1412, 1415 (11th Cir. 1992)(<u>government's notice of appeal divested the court of jurisdiction before it empaneled the jury</u>); <u>Gomez v. United States</u>, 104 L.Ed.2d 923, 940 (1989)("<u>harmless-error analysis does not apply in a felony case in which an officer exceeds his jurisdiction by selecting a jury.</u>"). As the Pretrial Appeals divested district court of jurisdiction to empanel a jury, jeopardy never attached in the criminal case. See, <u>Serfass v. United States</u>, 43 L.Ed.2d 265, 276 (1975)(<u>jeopardy does not attach until a proceeding begins before a trier having jurisdiction to try the question of guilt or innocence</u>); <u>Gonzalez v. Justices</u> 382 F.3d 1, 8 (1st Cir. 2004)(<u>reviewing court must first determine if jeopardy attached in the original criminal proceeding</u>). Jeopardy did not attach because of the 42 Pending Pretrial Appeals. District Court lacked jurisdiction for a 28 U.S.C. § 2255 proceeding when jeopardy never attached in the criminal case. I reaised this issue numerous times in the trial court, including in MO-01-CA-121, but that defendant court refused to decide it.

Jurisdictional defects can be raised at any time. See, <u>United States v. Cotton</u>, 152 L.Ed.2d 860, 867 (2002);"<u>Steel Company</u>, 140 L.Ed.2d 210, 227 (1998); <u>Grupo Dataflux v. Atlas Global</u>, 158 L.Ed.2d 866, 872 (2004)("<u>the jurisdiction of the court depends upon the state of things at the time-of-filing the action brought.</u>"). At the time-of-filing each Pretrial Notice of Appeal, the district court was divested of jurisdiction to proceed with trial and sentencing. See, <u>Becker v. Montgomery</u>, 149 L.Ed.2d 983, 988 (2001); <u>Judd v. Furgeson</u>, 239 F.Supp.2d 442, 447 (D.N.J. 2002)("Thus, <u>once Judd filed his notice of appeal to the Third Circuit on October 17, 2001, this Court was divested of its control over those aspects of the case involved in the appeal.</u>")("Consequently, <u>the Court is constrained to agree with plaintiff that the Court's Order of November 13, 2002, wherein the instant action was deemed withdrawn and the docket closed, is void</u> because the Court <u>lacked jurisdiction at that time to issue an order affecting the issue on appeal.</u>"). Id. at 447. After a review of the trial court's jurisdiction, this Court can determine that there is no conviction in <u>United States v. Judd</u>, No. MO-98-CR-093, because the case was in the Fifth Circuit Court of Appeals, at least until April 10, 2001.

As a defendant, the U.S. District Court for the Western District of Texas, cannot determine the lack of jurisdiction for trial in MO-98-CR-093, because it would be then determining its immunity in the lawsuits I filed. See, <u>Mireles v. Waco</u>, 112 S.Ct. 286, 288 (1991)(<u>Judge is not immune for actions</u>, though judicial in nature, <u>if taken in complete absence of all jurisdiction.</u>); 28 U.S.C. § 455(a); 28 U.S.C. § 364, § 351.

(See attached hereto included April 10, 2001, Mandate in United States v. Judd, 5th Circuit No. 98-51081).

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

EXHIBIT A

CHARLES R. FULBRUGE III
CLERK

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

April 10, 2001

Mr William Putnicki, Clerk
Western District of Texas, Midland
United States District Court
200 E Wall Street
US Courthouse, Room 107
Midland, TX 79701

```
        No. 98-51081 USA v. Judd
        USDC No.  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
                  MO-98-CR-93-ALL
```

Enclosed, for the district court only, is a certified copy of the
judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's
opinion.

3

Record/original papers/exhibits are returned:

( 18 ) Volumes    ( 1 ) Sealed Envelope    ( 1 ) Envelope


Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _Larry Gegenheimer_

Larry Gegenheimer Jr., Deputy Clerk

cc: (letter only)
    Honorable L Stuart Platt
    Honorable W Royal Furgeson Jr
    Mr Joseph H Gay Jr
    Mr Paul A Higdon
    Mr Keith Russell Judd

MDT-1                    <u>END OF EXHIBIT A</u>

---

## JURISDICTION OF THIS COURT

Since the U.S. District Court for the Western District of Texas, its judges, and the Fifth Circuit, and its judges, lacked jurisdiction for conviction, sentencing, or for a 28 U.S.C. § 2255 proceeding; there are no judicial orders or judgments of authority.

Consequently, this Court has jurisdiction, pursuant to 28 U.S.C. § 1361, "<u>to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.</u>" Under <u>Fed.R.Civ.P.</u>, Rule 60(b), "<u>This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writ of coram nobis, coram vobis, audita querela, and bills of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by independent action.</u>"

WHEREFORE, Petitioner, Judd, Pro Se, hereby asks this Court for relief from judgment in the 28 U.S.C. § 2255 proceeding, <u>Judd v. United States</u>, No. MO-01-CA-121, et al., in the U.S. District Court for the Western District of Texas, plus any other relief that is appropriate and just.

RESPECTFULLY SUBMITTED,

Date: April 23, 2005
www.vote-smart.org

KEITH RUSSELL JUDD FOR PRESIDENT OF USA
Reg.#11593-051, Gregg Unit
LSCI Allenwood
P.O. Box 1000
White Deer, PA, 17887,  (570)326-1551

FEC#C00302919,at,1-800-424-9530

4